

**Protecting and Promoting the Rights of Kentuckians with Disabilities**

| | | |
|---|---|---|
| 11 Mill Creek Park Suite 100<br>Frankfort, Kentucky 40601 | Telephone: (502) 564-2967<br>Toll Free: (800) 372-2988 | Fax: 502 695-6764<br>www.kypa.net |

October 2, 2025

William Codell
Department of Juvenile Justice
Office of Legal Services
1025 Capital Center Dr.
3rd Floor
Frankfort, KY 40601

Dear Mr. Codell:

While meeting with residents at Adair Regional Detention Center/Youth Development Center during a monitoring visit on October 1, 2025, Kentucky Protection & Advocacy (P&A) Disability Rights Advocate Robin Halvorson and Attorney Stacy Coontz received reports from two young men of two potential incidents of abuse and/or neglect. P&A then requested the Incident Reports for those events and you requested the legal basis for those requests.

Both residents have been diagnosed with mental illness and are therefore covered by the Protection and Advocacy for Individuals with Mental Illness (PAIMI) Act (42 U.S.C. § 10801 *et seq.*). Both reported incidents of potential neglect or abuse which P&A has the authority to investigate. 42 U.S.C § 10805(a)(1). In doing so, P&A may request any records relating to those incidents as outlined in 42 U.S.C. §10805(a)(4)(B) and 42 C.F.R. § 51.41(b)(2).

As stated clearly in 42 U.S.C. §10805(a)(4)(B), P&A has access to "all" records of:
> Any individual (including an individual who has died or whose whereabouts are unknown)—
> (i) who by reason of the mental or physical condition of such individual is unable to authorize the system to have such access;
> (ii) who does not have a legal guardian, conservator, or other legal representative, or for whom the legal guardian is the State; and
> (iii) with respect to whom a complaint has been received by the system or with respect to whom as a result of monitoring or other activities (either of which result from a complaint or other evidence) there is probable cause to believe that such individual has been subject to abuse or neglect.

Both residents due to their minority are unable to authorize access, both are in the custody of the state, and both made complaints during a monitoring visit that they had been subject to abuse or neglect. The PAIMI regulation cited above,

P&A is a federally mandated program that receives funding from the U.S. Department of Health and Human Services, the U.S. Department of Education, and the Social Security Administration.

Exhibit B

Mr. William Codell
October 2, 2025
Page 2

which mirrors the access language in the PAIMI statute, further specifies that the requested Incident Reports are well within the realm of P&A's records access.

While P&A is authorized to receive records regarding these two youth under the PAIMI Act, please note that these precepts are also applicable to children and youth with intellectual and developmental disabilities under the Developmental Disabilities Assistance and Bill of Rights Act (DD Act) and its regulation (42 U.S.C. §15043(a)(2)(I) and 45 C.F.R. § 1326.25) as well as other children and youth with disabilities other than mental illness or intellectual/developmental disabilities (29 U.S.C.§ 794e(f)(2)).

Finally, the records requested must be provided withing three business days from the date of request and if the request is denied, a written statement of the reason for denial must be provided. 42 C.F.R § 51.43; 42 C.F.R § 1326.25(c) and §1326. If reason for denial is lack of authorization, P&A must be provided contact information for such authorizers.

Please let me know if you need further explanation and please send the requested Incident Reports.

Sincerely,

Heidi Schissler Lanham
Legal Director

P&A is a federally mandated program that receives funding from the U.S. Department of Health and Human Services, the U.S. Department of Education, and the Social Security Administration.